IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ADONIA K. SMITH, | ) |
| | ) |
|    Plaintiff, | ) |
| | )   Civil Action No.: 1:15-CV-956 |
| v. | ) |
| | ) |
| LOUDOUN COUNTY PUBLIC SCHOOLS, | ) |
| | ) |
|    Defendant. | ) |

## ANSWER

COMES NOW the defendant, identified as Loudoun County Public Schools ("LCPS"), by counsel, answers the plaintiff's Complaint as follows:

### FIRST DEFENSE

LCPS responds to the plaintiff, Adonia K. Smith's ("Smith") individually numbered paragraphs set forth in the Complaint, without waiver to all jurisdictional arguments raised herein below, as follows:

1. LCPS denies the allegations set forth in paragraphs 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20 and 21 of the Complaint.

2. With regard to paragraph 5 of the Complaint, LCPS is without full and complete information to either admit or deny the allegations set forth in the Complaint.

3. Any allegation or paragraph not otherwise addressed or responded to herein above is denied.

### SECOND DEFENSE

Pursuant to Virginia Code §§ 22.1-28, -22.1-71, -22.1-79, *et. seq.* Loudoun County Public Schools is not a proper party in this matter. The plaintiff's former employer is the Loudoun County

School Board. In addition to suing an entity that does not have the power to sue or be sued and was not the plaintiff's legal employer, the plaintiff failed to exhaust her administrative remedies as to claims raised herein and her claims should be time barred, therefore the court is without subject matter jurisdiction in this matter.

### THIRD DEFENSE

This court is also without subject matter jurisdiction in this matter due to the plaintiff's failure to fully and completely set forth a factual basis in her originally filed and first amended charges of discrimination, both of which were insufficient as a matter of law. Due to plaintiff's insufficient allegations as set forth in both her initial charge of discrimination filed on January 2, 2010, and her amended charge filed April 2, 2010, in addition to her failure to exhaust administrative remedies required under federal law, plaintiff's present claims are time barred and the plaintiff has failed to exhaust administrative remedies for those allegations raised in the case which were not the subject of a timely filed EEOC charge or amendment.

### FOURTH DEFENSE

The plaintiff's second amended charge of discrimination, filed four years after her first amended charge, contains new, discrete, and different allegations of fact which were not raised at the time of her initial charge and her first amended charge, but which matters occurred as alleged and/or existed prior to Smith's filing of her amended charge on April 2, 2010. The second amended charge filed March 25, 2014, also alleged a new and discrete claim for retaliation, the alleged timing of which occurred prior to the filing of the plaintiff's initial charge of discrimination on April 1, 2010 and, therefore, should not relate back. The allegations and claims raised for the first time in the March 25, 2014 amended charge are time barred.

**FIFTH DEFENSE**

In addition to the foregoing, plaintiff's claims should be time barred and dismissed with prejudice for failure to timely pursue any administrative claim or charge of discrimination against the Loudoun County School Board and all claims should be barred by latches. There is no justification for waiting approximately five years from the filing of her initial charge of discrimination with the EEOC, served April 1, 2010, to file suit in this matter. LCPS relies upon the defense of latches as well as statute of limitations bar.

**SIXTH DEFENSE**

LCPS denies that the plaintiff suffered any violation of federally protected rights and denies that the plaintiff's employment was terminated. LCPS further denies that it is indebted to the plaintiff under any theory of law and denies that the plaintiff is entitled to any of the relief or damages claimed or sought in this case.

**SEVENTH DEFENSE**

LCPS reserves the right to rely upon any and all additional defenses which may become known throughout discovery, without waiver; including, but not limited to, statute of limitations bar, failure to mitigate damages, failure to exhaust administrative remedies, lack of subject matter jurisdiction of the court, failure to state a claim upon which relief may be granted, and latches. LCPS requests trial by jury.

WHEREFORE, having answered, Loudoun County Public Schools denies that it is a proper party for purposes of this suit as recognized under Virginia law; denies that the plaintiff has exhausted required administrative remedies as to any entity, including Loudoun County Public Schools or the Loudoun County School Board; denies that the court has subject matter jurisdiction in this matter; and prays that the court dismiss the Complaint and award it all costs expended.

**LOUDOUN COUNTY PUBLIC SCHOOLS**

By Counsel

_____/s/_____
Julia B. Judkins
VSB No. 22597
Heather K. Bardot
VSB No. 37269
BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.
3920 University Drive
Fairfax, Virginia 22030
(703) 385-1000 (telephone)
(703) 385-1555 (facsimile)
Jjudkins@bmhjlaw.com
*Counsel for Loudoun County Public Schools*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of August, 2015, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Ellen K. Renaud
>Swick & Shapiro, PC
>1101 15th Street, N.W.
>Suite 205
>Washington, D.C. 20005
>EKRenaud@swickandshapiro.com
>(202) 842-0300 (telephone)
>(202) 842-1418 (facsimile)

_____/s/_____
Julia B. Judkins
VSB No. 22597
BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.
3920 University Drive
Fairfax, Virginia 22030
(703) 385-1000 (telephone)
(703) 385-1555 (facsimile)
jjudkins@bmhjlaw.com
*Counsel for Loudoun County Public Schools*